1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **TRI-DAM**, | 1:11-cv-1304-AWI-SMS |
| Plaintiff, | **ORDER DISMISSING ACTION AND CLOSING CASE** |
| v. | |
| **CHRIS KELLER AND DAWN KELLER**, | |
| Defendant. | |

_____/

On June 3, 2015, this Court ordered Tri-Dam to either file dispositional documents or "a status update, apprising the Court of any remaining obstacles to closure of this case" by July 15, 2015. On July 15, Tri-Dam filed a status update contending that Defendants were in breach of the settlement agreement executed between the parties because they had failed to submit a permit application for a new structure that was complaint with Tri-Dam's shoreline management plan ("SMP"). Doc. 68 at 2. However, at that time, Tri-Dam had still not provided the Court with a copy of that agreement. Rather than seek to litigate the alleged breach, Tri-Dam sought an extension of time until September 15, 2015, to file dispositional documents. The Court granted that request.

On September 15, 2015, both parties submitted status updates. Docs. 72, 73. Tri-Dam now complains that Defendants failed to sign a stipulation for dismissal as provided by the settlement agreement – both the proposed stipulation and the settlement agreement are attached

1   to that status update. Doc. 72. Defendants complain that Tri-Dam failed to comply with the

2   settlement agreement when it did not dismiss within 15 days of removal of the improvement

3   which have been the subject of this litigation. Doc. 73. Defendants also take issue with Tri-

4   Dam's request that the Court retain jurisdiction over this matter to enforce any breach of the

5   settlement agreement; Defendants contend that "the [settlement agreement] does not contemplate

6   continuing jurisdiction." Doc. 73 at 2. Defendants are simply mistaken. In fact, in Section 16 of

7   the settlement agreement – entitled "continuing jurisdiction and enforcement" – the parties

8   specifically agreed to permit the court to "retain jurisdiction [over] the action to settle any

9   disputes resulting from the [settlement] agreement." Doc. 72 at 10.

10      Federal Rule of Civil Procedure 41(a)(2) provides that an action may be dismissed at a

11   plaintiff's request and without a stipulation, on terms that the court considers proper. A court

12   "should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show

13   that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975

14   (9th Cir.2001). "The Court must determine '(1) whether to allow dismissal; (2) whether the

15   dismissal should be with or without prejudice; and (3) what terms and conditions, if any, should

16   be imposed.'" *JPMorgan Chase Bank v. Sierra Pac. Mortg. Co., Inc.*, 2015 WL 5092802, *1

17   (E.D. Cal. Aug. 28, 2015) (citation omitted).

18      Although the parties each contend that the other is in breach of the settlement agreement,

19   they both agree that this case should be dismissed. The Court agrees that this action should be

20   dismissed. The parties' settlement agreement requires removal of all improvements and contains

21   a continuing agreement that Defendants comply with all Tri-Dam permitting requirements in the

22   future. The improvements on the reservoir have been removed. Defendants have constructed no

23   new improvements on the reservoir. There is no reason that this action should remain before the

24   Court. Plaintiff's motion to dismiss will be granted.

25      The Court has the authority to exercise continuing jurisdiction to enforce settlement

26   agreements entered before the Court. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511

27   U.S. 375, 381 (1995); *Torres v. Pet Extreme*, 2015 WL 224752, * (E.D. Cal. Jan. 15, 2015);

28

1  *Franco v. Ruiz Food Products, Inc*., 2012 WL 5941801, *25 (E.D. Cal. Nov. 27, 2012).

2  However, "[a] federal court may [also] refuse to exercise continuing jurisdiction even though the

3  parties have agreed to it." *Collins v. Thompson*, 8 F.3d 657, 659 (9th Cir. 1993). Parties cannot

4  confer jurisdiction by stipulation or consent. *Id*. (citing, *inter alia*, *California v. La Rue*, 409 U.S.

5  109, 112–13 n. 3 (1972)). A Court should exercise continuing jurisdiction where an independent

6  basis for jurisdiction over the continent settlement agreement exists. *See Collins*, 8 F.3d at 659.

7       Erection of an unauthorized improvement upon the reservoir was the original underlying

8  factual basis for jurisdiction. That same conduct is precluded by the settlement agreement.

9  Accordingly the conduct that that would violate the settlement agreement would likely also

10 provide an independent basis for federal jurisdiction. As a result, the Court will exercise

11 continuing jurisdiction in this instance.

12       Based on the foregoing, IT IS HEREBY ORDERED THAT:

13       1.  Tri-Dam's motion to dismiss is GRANTED pursuant to Fed. R. Civ. P. 41(a)(2);

14       2.  The Court will exercise continuing jurisdiction to enforce the terms of the parties'

15            settlement agreement;

16       3.  The Clerk of the Court is respectfully directed to close this case.

17

18 IT IS SO ORDERED.

19 Dated:   September 29, 2015                    _____

20                                              SENIOR  DISTRICT  JUDGE

21

22

23

24

25

26

27

28